UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-08806-SVW-JC | Date | January 7, 2019 |
| Title | *Joseph Molina et al. v. Rite Aid et al.* | | |

**JS-6**

Present: The Honorable STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND REMAND [17] AND DENYING DEFENDANTS' MOTIONS TO DISMISS [11] [12] [13]

**I.    Factual and Procedural Background**

Plaintiff Joseph Molina filed this action in state court on September 10, 2018. Dkt. 1, Ex. A. Plaintiff asserted six claims against Defendants Rite Aid, Rite Aid Thrifty, Thrifty Ice Cream, Thrifty Payless, Thrifty Corporation, Rite Aid Payroll Management Inc., Scott Becsi, and Keith Teeuwen: (1) violation of California's Fair Employment and Housing Act ("FEHA"); (2) violation of Labor Code § 1102.5; (3) intentional infliction of emotional distress; (4) negligent hiring, supervision, and retention; (5) wrongful termination of employment in violation of public policy; and (6) breach of implied-in-fact contract not to terminate employment without good cause. *Id.* Defendant Thrifty Corporation removed the action to this Court on October 12, 2018 on the sole ground that Plaintiff brought federal claims arising under the Family and Medical Leave Act ("FMLA"). Dkt. 1 ¶ 8.

On October 19, 2018, Defendants filed three motions to dismiss. Dkts. 11-13. On November 13, 2018, Plaintiff filed a motion for leave to amend his complaint and for an order remanding the case to state court. Dkt. 17. In particular, the proposed First Amended Complaint ("FAC"), Dkt. 17-1, Ex. 4, removes every reference to the FMLA. These four motions are currently before the Court.

_____ : _____
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-08806-SVW-JC | Date | January 7, 2019 |
|---|---|---|---|
| Title | *Joseph Molina et al. v. Rite Aid et al.* | | |

## II. Legal Standards

### A. Rule 15 Amendment

Federal Rule of Civil Procedure 15 provides that leave to amend a pleading "should freely [be] give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has held that "[R]ule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (internal citations and quotation marks omitted).

### B. Removal

United States federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Consequently, a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Due to this presumption, federal courts must exercise "prudence and restraint" when considering the propriety of removal. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 810 (1986). Thus, "[i]f a district court determines at any time that less than a preponderance of the evidence supports the right of removal, it must remand the action to the state court." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018). "The removing defendant bears the burden of overcoming the 'strong presumption against removal jurisdiction.'" *Id.* (quoting *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)).

## III. Analysis

### A. Rule 15 Amendment

Given the liberal policy regarding Rule 15 amendments, the fact that this case is in its early stages, and the fact that Plaintiff filed this motion only days after he lost his ability to amend as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B), the Court GRANTS Plaintiff's motion for leave to file an amended complaint and accepts Plaintiff's proposed First Amended Complaint as the First Amended Complaint.

**B.      Remand**

The next question to consider is whether the Court's acceptance of Plaintiff's FAC compels or permits the Court to remand the case.

*i.      Compulsory Remand*

Plaintiff argues that the case must be remanded to state court because this Court now lacks subject-matter jurisdiction. In particular, Plaintiff points to the fact that the FAC omits any mention of the FMLA—the sole federal question on which removal was based.

In opposition, Defendants cite to *Sparta Surgical Corp. v Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209 (9th Cir. 1998), *abrogated on other grounds by Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562 (2016). In *Sparta*, the Ninth Circuit held that, in the context of subject-matter jurisdiction based on a federal question, "jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Id.* at 1213.

Here, Plaintiff does not dispute that removal was proper at the time of removal due to the Complaint's references to the FMLA. Thus, the Court is not compelled to remand the case on the ground that it now lacks subject-matter jurisdiction.

*ii.      Discretionary Remand*

Plaintiff alternatively argues that federal courts "have an *inherent* power to remand removed State claims when the federal claims drop out of the case." *Papasozomenos v. Univ. of Md. Med. Sys. Corp.*, No. WDQ-11-0919, 2011 WL 4790762, at *2 (D. Md. Oct. 6, 2011) (internal citations and quotation marks omitted) (emphasis in original); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) ("[A] district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate."); 28 U.S.C. § 1367(c)(3)-(4) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction" or "there are other compelling reasons for declining jurisdiction."). In

deciding whether to remand a removed case involving pendent claims, a court must consider "the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." *Cohill*, 484 U.S. at 357. Here, Plaintiff contends that, even if the Court is not compelled to remand the case for lack of subject-matter jurisdiction, the Court may nonetheless remand the case within its discretion.

Defendants once again point to *Sparta* in opposition. In particular, the court in *Sparta* held that "a plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based." *Sparta*, 159 F.3d at 1213. Although Defendants interpret this language to mean that the Ninth Circuit created a blanket rule precluding remand whenever an amended complaint eliminates federal-question jurisdiction, courts have not always agreed with this interpretation. For example, one court concluded that "although *Sparta* held that no right to remand existed, the Ninth Circuit did not address whether the court could have remanded by exercising its discretion to decline supplemental jurisdiction over the remaining state court claims." *Bay Area Surgical Mgmt., LLC v. UnitedHealthcare Ins. Co.*, No. C 12-01421 SI, 2012 WL 3235999, at *4 (N.D. Cal Aug. 6, 2012) (internal citation and quotation marks omitted). Another case was even more expansive regarding this issue:

> In opposition to the motion to remand, defendants rely on [*Sparta*] for the proposition that plaintiffs cannot compel the remand of this case to state court by amending their complaint. While defendant's explication of *Sparta*'s holding is correct, that decision is not determinative of this motion. . . . [D]istrict courts possess the discretion to decide whether to retain jurisdiction over state law causes of action after the federal claims for relief have dropped out of the litigation. Thus, the Ninth Circuit has acknowledged, in a case analogous to the present one, that remand is proper where plaintiffs amend their complaint to remove their federal claims and move for remand without delay.

*Moyles v. Johnson Controls, Inc.*, No. Civ. S05885FCDKJM, 2005 WL 1561519, at *9-10 (E.D. Cal. June 29, 2005) (citing *Baddie v. Berkeley Farms*, 64 F.3d 487, 490-91 (9th Cir. 1995)).

The Court agrees with these cases and concludes that, because the FAC contains no federal question and there is no other alleged basis for subject-matter jurisdiction, it retains discretion to remand the case to state court. After considering the relevant factors, the Court concludes that remand is warranted. *See Fletcher v. Solomon*, No. C-06-05492, 2006 WL 3290399, at *4 (N.D. Cal. Nov. 13, 2006) ("Here, plaintiffs clearly desire a state forum . . . . Neither this court nor the Superior Court has put a substantial amount of work into this case. While it might be fair to not remand this action . . . the other concerns of economy, convenience, and comity would be served by returning to state court what is now at an early stage a purely state-law action.").

Furthermore, even if the interpretation of *Sparta* were not clear, the facts that federal courts are presumed to lack jurisdiction and that Defendants bear the burden of overcoming a strong presumption against removal jurisdiction would warrant remand. Thus, the Court's conclusion that Defendants have not proven the right of removal by a preponderance of the evidence provides an independent justification for remanding the case. The Court GRANTS Plaintiff's motion to remand.

### C. Defendants' Motions to Dismiss

Because the Court has granted Plaintiff's motion to remand, Defendants' motions to dismiss are DENIED as moot.

## IV. Conclusion

For the above reasons, the Court GRANTS Plaintiff's motion for leave to amend his complaint and for an order remanding the case to state court. Dkt. 17. The Court DENIES Defendants' motions to dismiss as moot. Dkts. 11-13.

IT IS SO ORDERED.

                 :     

Initials of Preparer

PMC